# Exhibit "A"

Zulema Palencia v. Wal-Mart Stores East, LP and John Doe

Plaintiff's Complaint referenced in Defendant, Wal-Mart Stores East LP's, Notice of Removal with Incorporated Memorandum of Law

Filing # 116184708 E-Filed 11/05/2020 09:29:27 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISON

Zulema Palencia,

-vs-

CASE NO.:

Wal-Mart Stores East, LP, a foreign corporation, and JOHN DOE, as Manager of WAL-MART STORE #3418

_____/

## COMPLAINT

COMES NOW the Plaintiff, ZULEMA PALENCIA by and through her undersigned attorneys, and sue Defendant, WAL-MART STORES EAST LP (hereinafter "WAL-MART") and JOHN DOE, as Manager of WAL-MART STORE #3418 (hereinafter "JOHN DOE"), and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiffs, ZULEMA PALENCIA was a resident of Pasco County, Florida.

3. At all times material hereto, the Defendant, WAL-MART, was authorized and doing business in Pasco County, Florida.

4. At all times material hereto, Defendant, WAL-MART, owned, operated and maintained a store located at 28500 FL-54, Wesley Chapel, Pasco County, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public.

5. On July 31, 2019, the Plaintiff, ZULEMA PALENCIA, went to the WAL-MART store located at the above address to purchase items.

## COUNT I – NEGLIGENCE OF WAL-MART

6. On the date and at the place aforesaid, the Defendant, WAL-MART, owed the Plaintiff, ZULEMA PALENCIA, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, ZULEMA PALENCIA.

7. On the date and at the place aforesaid, the Defendant, WAL-MART, breached the duty owed to the Plaintiff, ZULEMA PALENCIA, by committing one or more of the following omissions or commissions:

   a. Negligently failed to maintain or adequately maintain the customer aisle floor by allowing a substance which appeared to be water to remain on said floor, for the safety of the Plaintiff, ZULEMA PALENCIA, as she walked across said floor down a customer aisle;

   b. Negligently failed to inspect or adequately inspect the floor space of the customer aisle, to determine whether a substance which appeared to be water existed on said floor, for the safety of the Plaintiff, ZULEMA PALENCIA;

   c. Negligently failed to warn or adequately warn the Plaintiff, ZULEMA PALENCIA, of the danger of slipping on a substance which appeared to be water when she walked on the floor space of a customer aisle, when the Defendant, WAL-MART, knew or should have known of said danger and that the Plaintiff, ZULEMA PALENCIA, was unaware of said danger; and

     d. Negligently failed to correct, or adequately correct the dangerous condition of a substance which appeared to be water on the floor in and around a customer aisle, when said dangerous condition was known to the Defendant, WAL-MART, or had existed for a sufficient length of time so that the Defendant should have known of it.

    9. As a direct and proximate cause of the negligence of the Defendant, WAL-MART, as heretofore alleged, the Plaintiff, ZULEMA PALENCIA, slipped on the substance which appeared to be water, which had been permitted to remain on said floor, and when she fell she sustained injuries and damages as hereinafter alleged.

    10. As a direct and proximate result of the negligence of the Defendant, WAL-MART, as heretofore alleged, the Plaintiff, ZULEMA PALENCIA, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, ZULEMA PALENCIA, will sustain said loss in the future.

    WHEREFORE, the Plaintiff, ZULEMA PALENCIA, demands judgment against the Defendant, WAL-MART, in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT II – NEGLIGENCE OF JOHN DOE, AS MANAGER OF WAL-MART STORE #3418

Plaintiff, ZULEMA PALENCIA, realleges paragraphs 1-5 of the Complaint, and further states:

11. On the date and at the place aforesaid, the Defendant, JOHN DOE, as Manager of WAL-MART STORE #3418, owed the Plaintiff, ZULEMA PALENCIA, a business visitor upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, ZULEMA PALENCIA.

12. On the date and at the place aforesaid, the Defendant, JOHN DOE, breached the duty owed to the Plaintiff, ZULEMA PALENCIA, by committing one or more of the following omissions or commissions:

    a. Negligently failed to train his employees in the reasonable and proper methods to ensure that the floor remains clear of slip hazards;

    b. Negligently failed to supervise his employees in performing their duties to maintain the floor in a clean and safe condition;

    c. Negligently failed to enforce company policies regarding the maintenance, inspection, and cleaning of the floors in the store;

    d. Negligently failed to prevent reasonably foreseeable risk of harm to customers by failing to clean or direct employees to clean the floors; and

    e. Negligently failed to warn the plaintiff of a dangerous condition of which he should have had knowledge.

13. As a direct and proximate cause of the negligence of the Defendant, JOHN DOE, as heretofore alleged, the Plaintiff, ZULEMA PALENCIA, slipped on a substance which appeared to be water, which had been permitted to remain on said floor, and when she fell she sustained injuries and damages as hereinafter alleged.

14. As a direct and proximate result of the negligence of the Defendant, JOHN DOE, as heretofore alleged, the Plaintiff, ZULEMA PALENCIA, was injured in and about her body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering

4

of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, ZULEMA PALENCIA, will sustain said loss in the future.

WHEREFORE, the Plaintiff, ZULEMA PALENCIA, demands judgment against the Defendant, JOHN DOE, in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 4th day of November, 2020.

/s/*Andrew Stanco*
Andrew Stanco, Esquire
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0119608
Attorney for Plaintiff(s)